IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>APPROXIMATELY $9,920 IN UNITED STATES CURRENCY FROM DOMINIC NICKERSON ON OCTOBER 29, 2020 AT THE CHARLOTTE-DOUGLAS INTERNATIONAL AIRPORT | Civil No. 3:21-cv-00078 |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

NOW COMES the United States of America, Plaintiff herein, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and respectfully states the following:

## INTRODUCTION

1. This is a civil action *in rem* against $9,920 in United States currency seized from Dominic Nickerson on October 29, 2020 at the Charlotte-Douglas International Airport (the "Currency").

2. After law enforcement noticed the strong odor of marijuana from a checked suitcase—which belonged to Nickerson—a drug detection dog positively alerted to the odor of narcotics on the suitcase when it was pulled and placed in a lineup. The K9 also later alerted to Nickerson's carry-on backpack. A consensual search of the suitcase and Nickerson's carry-on bag revealed, *inter alia*, $9,920 in ten rubber-banded stacks hidden in clothes, a vacuum sealer, a roll of packing tape, a vacuum seal bag, and purse type bag with small particles of marijuana at the bottom.

1

A second drug detection dog later positively alerted to both the Currency (after it was placed in a lineup of six boxes) and Nickerson's vacuum sealer (on which law enforcement also smelled the strong odor of marijuana).

3. Nickerson, who has a criminal history of drug trafficking, made seven separate trips to California (a known drug source state) in 2020 despite the fact he was collecting unemployment benefits during that entire time. These trips were often booked last minute, and though Nickerson usually only stayed one to two days, on multiple occasions he brought with him two checked bags, and, despite his lack of employment, even paid for a convicted drug trafficker to fly with him on one trip.

4. Thus, the Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, is proceeds traceable to such an exchange, and is money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846.

## NATURE OF THE ACTION

5. Procedures for this action are mandated by 21 U.S.C. § 881, 18 U.S.C. § 983, 19 U.S.C. §§ 1602-1621, and, to the extent applicable, the Federal Rules of Civil Procedure and accompanying Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions

6. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. These statutes confer original jurisdiction to federal district courts of

all civil actions, suits, or proceedings commenced by the United States and any action for the forfeiture of property incurred under any act of Congress.

7. Venue is proper pursuant to 28 U.S.C. § 1395 because the Currency was seized in the Western District of North Carolina.

8. The Currency has been seized and is now within the Western District of North Carolina.

9. Based on the following facts, verified by Department of Homeland Security, Homeland Security Investigations ("HSI") Task Force Officer ("TFO") Stephen Brown, this action seeks the forfeiture of all right, title, and interest in the Currency.

## FACTS GIVING RISE TO FORFEITURE

*The interdiction*

10. On October 29, 2020, Dominic Nickerson was traveling from Fayetteville, North Carolina to Los Angeles, California on an American Airlines flight, with a layover in Charlotte, North Carolina. Nickerson had a carry-on bag and checked two suitcases.[1]

11. While in the Charlotte airport baggage room,[2] TFO Brown noticed a suitcase emitting a heavy odor of marijuana from its seams. The suitcase tag indicated it belonged to Nickerson. TFO Brown pulled the suitcase and placed it in a lineup on a luggage trolley with other suitcases.

---

[1] Only one checked suitcase was located by law enforcement at the time of search and seizure.
[2] The baggage room is the area where checked baggage is sorted for flights prior to be sent out onto the ramp and loaded onto aircraft.

12. TFO Osuch then presented the suitcase lineup to his drug detection canine Benny, who is a properly trained and certified narcotics detection canine.

13. K9 Benny, in an open air sniff of the suitcase lineup, alerted to the odor of narcotics on/from Nickerson's suitcase.

14. TFO Brown pulled the suitcase and brought it to the boarding area of gate B5, where he located Nickerson.

15. Nickerson consented to speak with TFO Brown. TFO Brown noticed that Nickerson's carry-on backpack had the logo "cookies" (known to be a popular marijuana brand/strain in California) embroidered on it.

16. TFO Brown informed Nickerson of the canine alert to his suitcase and requested consent to have a canine sniff his carry-on backpack. Nickerson consented, and K9 Benny alerted to the backpack.

17. TFO Brown requested, and Nickerson granted, consent to search Nickerson's carry-on and suitcase.[3]

18. The search of Nickerson's backpack revealed: (a) ten (10) rubber-banded stacks of currency hidden in clothing, (b) a vacuum sealer bag, and (c) a smaller purse with small particles of marijuana (*i.e.* "shake") at the bottom. During the search of the backpack, TFO Cerdan also detected a strong odor of marijuana coming from the inside.

---

[3] Additionally, one of the standard conditions of American Airline's conditions of carriage is that "[t]o fly on American, you must . . . [a]llow your baggage to be inspected by Customs, the TSA or other government officials" and "[a]llow you and your bags to be searched for explosives, dangerous weapons or banned substances." *See* https://www.aa.com/i18n/customer-service/support/conditions-of-carriage.jsp?anchorEvent=false&from=footer

19. A search of Nickerson's checked suitcase further revealed a vacuum sealer and a roll of clear shipping tape. Vacuum-sealing is commonly used in drug trafficking as an attempted means to conceal the odor of illegal drugs during their transport/shipment, and TFO Cerdan also detected a strong order of marijuana coming from the vacuum sealer.

20. The Currency and vacuum sealer are depicted below:



21. TFO Brown informed Nickerson the Currency was being seized along with the vacuum sealer and shipping tape, and asked to see Nickerson's identification to complete the seizure paperwork. Nickerson refused to produce his identification, but was provided with a receipt for the seized items.

22. Afterwards, TFO Cerdan retrieved his K9 partner Cali, a properly

trained and certified narcotics detection canine trained to detect narcotics odors including marijuana, cocaine, methamphetamine, ecstasy, and heroin.

23. The Currency was placed into one of six "scent boxes" in an independent lineup. K9 Cali was deployed on a 10-foot lead to conduct an open-air sniff, and positively alerted to the scent box containing the Currency seized from Nickerson.

24. Further, the vacuum sealer was placed in the office area for law enforcement at the CLT airport. K9 Cali was deployed in an open air sniff of the office area, and after sniffing various items in the office, exhibited a change in behavior, pulled to the vacuum sealer, and alerted to the odor of narcotics on/from the vacuum sealer.

25. The Currency, totaling $9,920, was transported to Loomis, where it was counted and deposited into an account established to hold seized funds.

26. The Currency's packaging in rubber-band bundles and denominations (476 twenty-dollar bills and 8 fifty-dollar bills) are consistent with cash involved in drug trafficking.

### *Nickerson's story regarding the Currency and false statements to law enforcement*

27. Upon initial contact, Nickerson told TFO Brown he was traveling to Los Angeles to purchase a bulldog from a guy he met on Instagram but was debating whether he was going to buy it. Later, Nickerson told TFO Brown that he was traveling with $9,000 in his backpack and planned on purchasing the bulldog for $8,000.

28. When the search revealed the Currency, Nickerson stated the stacks

were $1,000 each—indicating he understood the amount of currency he had with him (roughly $10,000).

29. When asked about his employment, Nickerson responded that he "does landscaping and helps his uncle paint" as a source of income and that he did not collect unemployment payments.

30. This statement to law enforcement later proved to be false: records obtained from the North Carolina Employment Security Commission indicate that Nickerson is currently collecting unemployment benefits and has not worked since the fourth quarter of 2017.

*Nickerson's suspicious travel history*

31. California is a known drug source state.

32. In 2020, Nickerson made at least seven (7) trips by air travel from various east coast locations to Los Angeles, California:

- Departed Raleigh, NC on April 7, 2020 for Los Angeles and returned two days later on April 9.

- Departed Atlanta, GA on May 10, 2020 for Los Angeles, and returned two days later to Charlotte, NC on May 12. On this trip, Nickerson paid for a co-traveler, Ramel Lavon McNeil, who has a prior criminal history including felony possession with intent to distribute marijuana, felony manufacturing marijuana, felony conspiracy to sell/deliver marijuana, and maintaining a dwelling to keep/sell controlled substances.

- Departed Raleigh, NC on June 10, 2020 for Los Angeles and returned two days later on June 12. This trip cost $556.00 and was purchased the day prior to departure.

- Departed Raleigh, NC on August 11, 2020 for Los Angeles and returned one day later on August 12. This trip cost $376.00 and was purchased two days from departure.

- Departed Raleigh, NC on September 29, 2020 for Los Angeles with two checked suitcases, and returned the next day on September 30. This trip cost $536.00 and was purchased the day prior to departure.

- Departed Fayetteville, NC on October 20, 2020 for Los Angeles, CA with two checked suitcases and returned the next day on October 21. This trip cost $582.00.

- <u>The travel at the time of seizure</u>: Just 9 days after the last trip to California, departed Fayetteville for Los Angeles on October 29, 2020 with two checked suitcases and a layover in Charlotte. Nickerson did not complete his travel but was originally scheduled to return one day later on October 30. This trip cost $466.00

33. Nickerson's travel history of booking a series of last minute flights to California and bringing multiple checked suitcases for a one or two day trip while collecting unemployment benefits is on its face inconsistent with any legitimate travel purpose.

*Nickerson's criminal history*

34. In 2017, Nickerson was convicted in a bench trial of assault on a female and sentenced to 75 days confinement and 12 months probation. Nickerson was also convicted of simple assault and sentenced to 45 days conferment and 18 months probation.

35. In 2018, Nickerson was arrested and charged with Carrying a Concealed Weapon (felony), Resisting a Law Enforcement officer (felony), Possession with Intent to Manufacture/Distribute/Sell Marijuana (felony), Possession with Intent to Manufacture/Distribute/Sell Cocaine (felony) and Maintaining a Vehicle/Dwelling to Keep/Sell a Controlled Substance (felony). These charges were reduced by plea agreement and Nickerson was sentenced to 45 days imprisonment.

## FIRST CLAIM FOR RELIEF – THE $9,920 IN CURRENCY
## (21 U.S.C § 881(a)(6))

36. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 35 above as if fully set forth herein.

37. The $9,920 in Currency is subject to forfeiture pursuant to 21 U.S.C. § 881 (a)(6) because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, is proceeds traceable to such an exchange, and is money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846.

38. Upon information and belief, the following persons may claim an interest in the Currency seized on October 29, 2020:

Dominic Nickerson
5109 Newmoon Dr.                926 Bramblegate Rd.
Fayetteville, NC 28306          Hope Hills, NC 28348

*With courtesy copy to:*

Leslie Sammis, Esq
Sammis Law Firm
1005 N. Marion Street
Tampa, FL 33602

## CONCLUSION AND PRAYER FOR RELIEF

39. By virtue of the foregoing, all right, title, and interest in the Currency vested in the United States at the time of the commissions of the unlawful act giving rise to forfeiture, 21 U.S.C. § 881(h), and has become and is forfeitable to the United States.

WHEREFORE, the United States of America respectfully prays the Court that:

1. A warrant for the arrest of the Currency be issued;

2. Due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

3. Judgment be entered declaring the Currency to be condemned and forfeited to the United States of America for disposition according to law; and

4. The United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of the Currency as required by 28 U.S.C. § 1921.

Respectfully submitted this 21st day of February, 2021.

    R. ANDREW MURRAY
    UNITED STATES ATTORNEY

    /s/ Seth Johnson
    J. Seth Johnson
    NC Bar # 53217
    Assistant United States Attorney
    Suite 1650, Carillon Building
    227 West Trade Street
    Charlotte, North Carolina 28202
    Telephone: (704) 338-3159
    Email: seth.johnson@usdoj.gov

## **VERIFICATION**

I declare under penalty of perjury that the factual information contained in the foregoing Complaint is true and correct according to the best of my knowledge, information, and belief.

Executed on the ____ day of February, 2021.

_____
Task Force Officer Stephen G. Brown
Department of Homeland Security,
Homeland Security Investigations